UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GREGORIO CRUZ ORTIZ and JOEL
ALMARAZ DE LA CRUZ, on behalf of
themselves and others similarly situated,                    Case No. 1:18-CV-560

      Plaintiffs,                                                                 Hon. Janet T. Neff

v.

LORENZO WILLIAMS and MANZANA, LLC,

      Defendants.

---

| | |
|---|---|
| Teresa Hendricks (P46500) | John M. Lichtenberg (P31770) |
| Benjamin O'Hearn (P79252) | Jacqueline M. Gordon (P79014) |
| Migrant Legal Aid | RHOADES McKEE PC |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 1104 Fuller Avenue NE | 55 Campau Avenue NW, Suite 300 |
| Grand Rapids, MI 49503-1371 | Grand Rapids, MI 49503 |
| (616) 454-5055 | (616) 235-3500 |
| thendricks@migrantlegalaid.com | jmlichtenberg@rhoadesmckee.com |
| bohearn@migrantlegalaid.com | jgordon@rhoadesmckee.com |

Curtis C. Warner (P59915)
Warner Law Firm, LLC
Attorneys for Plaintiffs
350 S. Northwest Hwy, Ste. 300
Park Ridge, IL  60068
(847) 701-5290
cwarner@warner.legal

---

### DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

    NOW COME Defendants, LAWRENCE WILLIAMS ("Williams," misidentified as "Lorenzo" in the caption of the Amended Complaint) and MANZANA, LLC (Manzana"), and for their answer to Plaintiffs' Amended Complaint, states as follows:

## NATURE OF THE CASE

1.      This action is filed as a action and raises claims for violation of the civil RICO statute, 18 U.S.C. 1962(c), and for breach of contract by and on behalf of approximately 230 migrant and seasonal farmworkers against Defendants Lawrence Williams ("Williams") and Manzana, LLC ("Manzana").  Defendants employed named Plaintiffs Gregorio Cruz Ortiz, and Joel Almarez de la Cruz ("the named Plaintiffs") and over two hundred similarly-situated farmworkers brought to work in the United States under the federal H-2A program and fraudulently promised to pay and failed to pay them for all hours worked.

**ANSWER:**      **Williams denies he employed Plaintiffs or other farmworkers or fraudulently promised or failed to pay such persons for hours worked.  Manzana admits it employed Defendants for a brief period of time, and that it has employed other persons as farmworkers; and denies it made any fraudulent promises or failed to pay any worker for hours worked.  Defendants neither admit nor deny any other allegations for the reason that the Amended Complaint speaks for itself.**

2.      Plaintiffs' claims are filed as a class action pursuant to Fed. R. Civ. P 23(b)(2) and (b)(3) on behalf of all migrant and seasonal H-2A agricultural workers employed by Defendants to harvest apples in Michigan during the period from approximately September 3, 2017 to approximately October 13, 2017.

**ANSWER:**      **Defendants neither admit nor deny any allegations for the reason they are conclusions of law and/or the Amended Complaint speaks for itself; but to the extent further answer is required, the allegations are denied.**

## JURISDICTION AND VENUE

3.     At all relevant times, the named Plaintiffs and class members were H-2A seasonal and migrant agricultural worker employed by Defendants to harvest apples in Michigan during the period from approximately September 3, 2017 to approximately October 13, 2017.

**ANSWER**:     **Manzana admits Plaintiffs were H-2A seasonal and migrant workers employed by Manzana between approximately September 3, 2017 and October 13, 2017.  Williams denies Plaintiffs were H-2A seasonal and migrant workers employed by Williams between approximately September 3, 2017 and October 13, 2017.  Defendants neither admit nor deny any other allegations for the reason that they either do not pertain to them or assert the status of persons who are ostensibly members of an as yet nonexistent class and therefore requires knowledge and information not available to Defendants.**

4.     Defendant Manzana is a Michigan corporation that operates as a farm labor contractor, importing H-2A workers to supply workers to Michigan agricultural growers.

**ANSWER**:     **The allegations are denied as stated.**

5.     Defendant Manzana's principal place of business is in the city of Grand Rapids, Michigan, and is doing business in Kent County.

**ANSWER**:     **The allegations are admitted.**

6.     Defendant Williams owns and operates Manzana, LLC and personally controls its operations.

**ANSWER:**    **Defendants admit that Williams is the sole member of Manzana.  Defendants neither admit nor deny any other allegation for lack of information upon which to form a belief as to its truth.**

7.        Upon information and belief, Defendant Williams is and was at all relevant times a resident of the city of Grand Rapids, Kent County, Michigan.

**ANSWER:**    **Defendants admit that Williams resided in Grand Rapids, Michigan and Kent County between September 3, 2017 and October 13, 2017.  Defendants neither admit nor deny any other allegation for lack of information upon which to form a belief as to its truth.**

8.        Plaintiffs worked for Defendants in Kent County, Michigan.

**ANSWER:**    **Manzana admits Plaintiffs were employed by and performed work for it in Kent County, Michigan.  Williams denies the allegation as it pertains to him.**

9.        All or part of the cause of action arose in Kent County, Michigan.

**ANSWER:**    **The allegation is neither admitted nor denied for the reason that it is a legal conclusion to which no response is required.**

10.        This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 18 U.S.C. §1964(c).

**ANSWER:**    **The allegation is neither admitted nor denied for the reason that it is a legal conclusion to which no response is required.**

11.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because the state law claims are so interrelated to the federal claims as to constitute one constitutional case.

**ANSWER:**     **The allegation is neither admitted nor denied for the reason that it is a legal conclusion to which no response is required.**

12.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a Defendant resides in this district and a substantial part of the events and omissions at issue took place in this district.

**ANSWER:**     **Defendants do not contest venue.**

## FACTUAL ALLEGATIONS

13.     Manzana LLC (hereinafter "Manzana") is an organization whose primary business is furnishing agricultural workers to agricultural employers.

**ANSWER:**     **The allegation is denied.**

14.     To accomplish this, Manzana utilizes federal laws which allows workers to be brought to the United States from other countries. Plaintiffs will refer to this process as the "H-2A Program." *See* 8 U.S.C. §1101(a)(15)(H)(ii)(a).

**ANSWER:**     **Defendants admit that Manzana employs persons who enter and work in the United States under so-called H-2A visas.  Any other allegations are denied.**

**The H-2A Program**

15.    The H-2A program requires all employers or contractors to try and find eligible

domestic workers to fill local labor demand.

**ANSWER:**      **Defendants admit that employers who wish to employ workers entering the**

**United States under an H-2A visa must first take steps to make the availability**

**of employment known to workers resident in the United States (sometimes**

**referred to as "domestic workers"), which steps and efforts are detailed in**

**various statutes, regulations and guidance.  Defendants deny any allegation**

**inconsistent with the foregoing or the referenced statutes, regulations and**

**guidance.**

16.    To ensure that the H-2A program does not displace U.S. workers, H-2A employers

are required to pay an "adverse effect wage rate" (AEWR). The AEWR is set by state.

**ANSWER:**      **Defendants admit employers hiring H-2A workers are required to pay**

**workers a wage defined as the highest of: (1) the AEWR promulgated by the**

**United States Department of Labor; (2) the prevailing hourly wage or piece**

**rate wage; (3) an agreed-upon collective bargaining wage, if such an**

**agreement exists; or (4) the higher of the federal or state minimum wage in**

**effect at the time work subject to the provisions of the job order is performed.**

**Defendants deny the AEWR is set by the state.  Defendants neither admit nor**

**deny that the purpose of the described requirement is as alleged for lack of**

**information upon which to form a belief as to its truth.  Defendants deny any**

**other or inconsistent allegation.**

17.     When these employers or contractors are unable to find "sufficient [domestic] workers who are able, willing, and qualified, and who will be available at the time and place needed," the employers are eligible to bring in workers on an H-2A visa if they can demonstrate that this will not adversely affect domestic workers. 8 U.S.C. § 1188(a)(1).

**ANSWER:** **Defendants admit that Manzana may not employ persons entering the United States under an H-2A visa if there are sufficient "domestic" workers who are able, willing and qualified to perform the offered work at the stated wage during the required period in the required location. Defendants deny any allegations inconsistent with or in addition to the foregoing.**

18.     This process begins with submitting a job order on Form ETA-790.

**ANSWER:** **Defendants admit that the process of securing authorization to employ persons who enter the country under an H-2A visa requires submission of a form issued by the United States Department of Labor identified as Form ETA-790, and commonly called a "Clearance Order" or "job order." Defendants deny any allegations inconsistent with or in addition to the foregoing.**

19.     In submitting the Form ETA-790, the employer is makes [sic] representations about the labor performed, the rate to be paid, and the anticipated number of hours that will be worked.

**ANSWER:** **Defendants neither admit nor deny the allegations for the reason that they do not accurately or completely describe the rules and regulations governing the preparation of and performance under or the content of a Form ETA-790, which speaks for itself. If and to the extent further response is required, the allegations are denied.**

20.     In submitting the Form ETA-790, the employer certifies that "This job order describes the actual terms and conditions of the employment being offered by [the employer] and contains all the material terms and conditions of the job."

**ANSWER:     Defendants neither admit nor deny the allegations for the reason that the Form ETA-790 speaks for itself and must be read in its entirety and in relation to the rules and regulations governing its completion.**

21.     This Form ETA-790 becomes a part of the application the employer makes with the National Processing Center.

**ANSWER:     Defendants admit that the Form ETA-790 is submitted to the United States Department of Labor as part of an employer's request for authorization to employ workers who enter the United States under an H-2A visa and neither admit nor deny any other allegation for lack of information upon which to form a belief as to its truth.**

22.     This Form ETA-790 is given to the workers and effectively become the work contract.

**ANSWER:     The allegations are neither admitted nor denied for the reason that they are conclusions of law to which no response is required.**

### Manzana's History with the H-2A Program

23.     According to records publically available, Defendant Manzana has submitted at least 16 job orders since January 2015.

**ANSWER:**     **Manzana admits that it has submitted at least sixteen (16) Forms ETA-790 since January 2015 to the U.S. Department of Labor, and neither admits nor denies any other allegations for lack of information upon which to form a belief as to its truth.**

24.     These job orders have requested between 22 and 390 workers in each order, for a total of 2,354 requested workers.

**ANSWER:**     **The allegation as stated is denied as untrue for the reason that "job orders" do not "request workers" but authorization to hire and employ up to the requested number of workers, and for the reason that the numbers stated are inaccurate.**

25.     Prior to job order submitted on December 12, 2017 (Job Order No. 8356776), all of the job orders except Job Order No. 7700699 and 7475465 included apple harvesting.

**ANSWER:**     **Admitted.**

26.     In each job order available through the U.S. Department of Labor Public Job Registry, Defendant Manzana represented that it anticipates workers will work 36 hours per week.

**ANSWER:**     **Defendants admits, upon information and belief, that each of the described job orders reflected Manzana's estimate that workers would be provided 36 hours of work per week and neither admit nor deny any other allegations for lack of information upon which to form a belief as to its truth.**

27.     Defendant Manzana is required to keep payroll records of number of hours worked each day by each employee. 20 CFR 655.122(j)(1).

**ANSWER:**     **Defendants neither admit nor deny the allegations for the reason that they are conclusions of law to which no response is required.**

28.     Defendant Manzana is required to keep these payroll records for 3 years. 20 CFR 655.122(j)(1).

**ANSWER:**     **Defendants neither admit nor deny the allegations for the reason that they are conclusions of law to which no response is required.**

29.     Using these records, Defendants are able to accurately determine the anticipated number of hours that will be worked each week to harvest apples.

**ANSWER:**     **Defendants admit that the payroll records allow Manzana to accurately determine the number of hours worked by each hourly Manzana employee each week for the period reflected.  Defendants deny that the payroll records allow Manzana to accurately predict the number of hours that will be worked each week in the future.  Defendants deny any other allegations.**

## Manzana's History with Plaintiffs and Putative Class Members

30.     Defendant Williams, directly or through his agents, recruited the named Plaintiffs and class members in Mexico to work in Michigan, promising that Defendant Manzana would pay them $12.75/hr. (the AEWR) for 36 hours of work per week – six (6) hours a day, Monday through Saturday. PageID.20 and PageID.23.

**ANSWER:**     **Denied.**

31.     These promises and inducements were false and fraudulent when made.

**ANSWER:     Denied.**

32.     These promises and inducements were made to each class member, up to 230 people, at the time of each one was recruited.

**ANSWER:     Denied.**

33.     These representations were also made to the Department of Labor on or around June 7, 2017.

**ANSWER:     Denied.**

34.     Each of these false and fraudulent promises and inducements were made in violation of 18 U.S.C. 1351, which states:

> "Whoever knowingly and with intent to defraud recruits, solicits, or hires a person outside the United States or causes another person to recruit, solicit, or hire a person outside the United States, or attempts to do so, for purposes of employment in the United States by means of materially false or fraudulent pretenses, representations or promises regarding that employment shall be fined under this title or imprisoned for not more than 5 years, or both."

**ANSWER:     Denied.**

35.     Each of the false promises and inducements made to the named Plaintiffs and class members was a separate violation of 18 U.S.C. 1351 and together constituted a pattern of racketeering activity.

**ANSWER:**     **Denied.**


36.     Defendant Manzana entered into written contracts with the named Plaintiffs and class members promising that Defendant Manzana would pay them $12.75/hr., with an anticipated 36 hours of work per week.

**ANSWER:**     **The allegations are neither admitted nor denied for the reason that they are legal conclusions to which no response is required; but if further response is required, Defendants admit that workers hired under Job Order No. 8356776 were guaranteed an hourly wage of $12.75 and were advised that they were assured of work or pay for a fractional portion of the anticipated hours covered by the job order; and Defendants deny any other or inconsistent allegations.**


37.     Despite the terms of the contracts made with the named Plaintiffs and class members, Defendants worked the named Plaintiffs and class members approximately 75 hours per week during the four weeks from approximately September 10, 2017 to approximately October 7, 2017.

**ANSWER:**     **Denied.**

38.     Although the named Plaintiffs and class members worked approximately 75 hours per week they were paid by Defendants for only approximately 55 hours of work per week, bringing their hourly wage rate far below the promised $12.75/hour.

**ANSWER:     Denied.**

39.     In addition, throughout the course of their employment, the named Plaintiffs and class members were required by Defendants to spend approximately twenty (20) minutes per day riding on buses to and from the orchards where they worked without being paid for that time.

**ANSWER:     Defendants admit that workers employed by Manzana spend time on employer-provided transportation commuting from their housing to their work site and back on days that they work, aver that such time varies depending upon traffic conditions and the distance between each particular worker's housing location and work site, and admits that this commuting time is not compensable work time.  Defendants deny any other or inconsistent allegations.**

40.     Defendant Manzana was an enterprise, as that term is used in the civil RICO statute, by which Defendant Williams personally profited through a pattern of racketeering activity.

**ANSWER:     Denied.**

41.     Defendant Williams conducted and participated in the affairs of the Manzana enterprise through the pattern of racketeering activity in violation of the RICO statute, 18 U.S.C. 1962(c).

**ANSWER:     Denied.**

## <u>CLASS ACTION ALLEGATIONS</u>

42.     The named Plaintiffs bring Court **[sic]** I and II of this complaint as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of themselves and all other workers similarly situated.

**<u>ANSWER</u>:**     **The allegations are neither admitted nor denied for lack of information upon which to form a belief as to their truth and for the reason that they are conclusions of law to which no response is required.**

43.     The named Plaintiffs are members of the class they seek to represent.

**<u>ANSWER</u>:**     **The allegations are neither admitted nor denied for lack of information upon which to form a belief as to their truth.**

44.     The class is so numerous that joinder of all class members is impracticable. Defendants employed and subjected to these practices approximately 230 H-2A workers to harvest apples during the period from approximately September 3, 2017 to approximately October 13, 2017.

**<u>ANSWER</u>:**     **Denied.**

45.     In addition, other circumstances make joinder of all class members impracticable. Nearly all class members live in Mexico, speak only limited English, migrate away from their permanent residences, and have limited access to counsel.  The relatively small size of the individual claims, the geographical dispersion of the class, and the indigency of class members

would make maintenance of separate actions by each class member economically infeasible and impractical.

**ANSWER:**     **The allegations are neither admitted nor denied for lack of information upon which to form a belief as to their truth.**

46.     There are questions of fact and law common to the class that predominate over questions affecting only individual members.   Those common questions include: (a) whether Defendants worked class members approximately 75 hours per week while paying them for only 55 hours per week, in violation of their contracts; and (b) whether Defendant Williams engaged in a pattern of racketeering activity.

**ANSWER:**     **Denied.**

47.     The named Plaintiffs claims are typical of the claims of the class.

**ANSWER:**     **Denied.**

48.     The named Plaintiffs have the same interests as other class members and will vigorously prosecute these interests on behalf of the class.

**ANSWER:**     **Denied.**

49.     Counsel hired by the named Plaintiffs have the resources, expertise, and experience to prosecute this action on behalf of the class.

**ANSWER:**     **The allegations are neither admitted nor denied for lack of information upon which to form a belief as to their truth.**

50.     The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

**ANSWER:**     **Denied.**

51.     The class action further satisfies the requirements of Fed. R. Civ. P. 23(b) in that:

a.  (i) the prosecution of separate actions by or against individual members of the class would confront the party opposing the class with incompatible standards of conduct; and (ii) adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

**ANSWER:**     **Denied.**

b.  final equitable or declaratory relief might be appropriate with respect to the class;

**ANSWER:**     **Denied.**

c.  the action will be manageable as a class.  Defendants are required by law to maintain records concerning each class member and any individualized damages determinations would be based on common mathematical formulas avoiding any manageability issue;

**ANSWER:**     **Denied.**

d.  the separate claims of individual class members are insufficient to support separate actions, in view of the complexity of the issues or the expense of the litigation;

**ANSWER:**   **Denied.**

e.  it is probable that the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action; and

**ANSWER:**   **Denied.**

f.  class members do not have a significant interest in controlling the prosecution or defense of separate actions.  Among other impediments to proceeding separately, nearly all class members are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance.

**ANSWER:**   **Denied.**

52.   Class members and Defendants have not settled the claims asserted in this Complaint.

**ANSWER:**   **The allegations are neither admitted nor denied for lack of information upon which to form a belief as to their truth.**

## COUNT I

### Violation of civil RICO statute, 18 U.S.C. 1962(c), against Defendant Williams

53.     The named Plaintiffs re-allege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:**     **Defendants reassert and incorporate by reference their answers as set forth above.**

54.     As the owner of Manzana, LLC, Defendant Williams formed an association-in-fact with Manzana, LLC, which will be referred to as the "Manzana enterprise" **[sic]**

**ANSWER:**     **Denied.**

55.     This count is brought against Defendant Williams pursuant to the civil RICO statute, 18 U.S.C. 1962(c) on behalf of the named Plaintiffs and the class of all migrant and seasonal H-2A agricultural workers employed by Defendants to harvest apples in Michigan during the period from approximately September 3, 2017 to approximately October 13, 2017.

**ANSWER:**     **The allegations are neither admitted nor denied for lack of information upon which to form a belief as to their truth.**

56.     Defendant Williams violated RICO by violating 18 U.S.C. 1962(c).

**ANSWER:**     **Denied.**

57.     Defendant Williams engaged in the fraudulent acts and misrepresentations described above through a pattern of racketeering activity in violation of 18 U.S.C. 1351.

**ANSWER:**     **Denied.**

58.     Defendant Williams, through the entity Manzana LLC, stated that workers would make $12.75 an hour.

**ANSWER:**     **Defendants admit that Manzana agreed to pay workers under the previously specified Job Order $12.75 per hour worked and deny any other allegations.**

59.     Upon information and belief, Defendant Williams knew that the statement provided about the $12.75 an hour pay was false.

**ANSWER:**     **Denied.**

60.     Defendant Williams, through the entity Manzana LLC, stated that workers would be working for 36 hours a week.

**ANSWER:**     **Denied.**

61.     Defendant Williams knew that the information provided about the 36 hours a week of work was false.

**ANSWER:**     **Denied.**

62.     Defendant Williams made these statements to recruit workers in a foreign country.

**ANSWER:**     **Denied.**

63.     Defendant Manzana was the entity that made these statements to the Department of Labor through the "Agricultural and Food Processing Clearance Order ETA Form 790", attached as Exhibit 1.

**ANSWER:**     **Defendants admit that Manzana caused the referenced job order to be prepared and filed with the U.S. Department of Labor and denies any other allegations.**

64.     A copy of this agreement was provided to each Plaintiff and each class members before they left their home country/countries.

**ANSWER:**     **Defendants admit upon information and belief that each H-2A worker was provided a copy of the job order before entering the United States to begin employment pursuant to the job order, aver upon information and belief that some workers first received or reviewed the job order while in the United States, and deny any allegations in addition to or inconsistent with the foregoing.**

65.     The Manzana enterprise has made these statements before (see Exhibit 2, 2015 ETA Form 790), and continues to do so presently (see Exhibit 3, 2018 ETA Form 790).

**ANSWER:**     **Denied.**

66.     Defendant Williams knew and knows these statements to be false.

**ANSWER:**     **Denied.**

67.     In making these statements, Defendant Williams intended to defraud workers so that:

a.     Workers who otherwise would not take jobs working 75 hours a week would take these jobs,

**ANSWER:**     **Denied.**

       b.      Workers who otherwise would not work for less than the adverse wage rate ($12.75/hour) would take these jobs,

**ANSWER:**     **Denied.**

       c.      The Department of Labor would certify these jobs, and/or

**ANSWER:**     **Denied.**

       d.      To remove or injure worker protections such as the 3/4ths guarantee.  *See* 20 CFR 655.122 (i).

**ANSWER:**     **Denied.**

68.     In submitting the Form 790, Manzana, LLC "maintain[ed] full responsibility for the truthfulness of all documents submitted [by counsel]."

**ANSWER:**     **Defendants neither admit nor deny the allegations for the reason that "Form 790" is an unclear reference; but if intended to refer to the Job Order submitted under which Plaintiffs were able to work in the United States for Manzana, the Job Order speaks for itself and must be read in its entirety and in relation to the rules and regulations governing its completion and Defendants deny any allegation inconsistent therewith.**

69.     These repeated false statements constitute a pattern.

**ANSWER:**     **Denied.**

70.     By conducting the Manzana enterprise through a pattern of racketeering, Defendant

Williams injured the named Plaintiffs and members of the class.

**ANSWER:     Denied.**

71.     Because of his ownership of Manzana, LLC, Defendant Williams has personally

profited from the fraudulent scheme.

**ANSWER:     Denied.**

72.     Plaintiffs' allegations in ¶¶ 59 and 61 (about Defendants knowingly making false

statements) can be supported through Defendants' records of past work. Specifically, the files that

Defendant was required to keep for the following jobs filled through the H-2A program:

| ETA Case Number | Job Posting Date | Job Registry Record ID | Job Order Number | Job description includes: |
|---|---|---|---|---|
| H-300-16351-066284 | 12/28/2016 | 103529 | 7390000 | Apple Harvesting |
| H-300-16351-039265 | 12/28/2016 | 103527 | 7389966 | Apple Harvesting |
| H-300-16158-129203 | 6/13/2016 | 96907 | 6866197 | Apple Harvesting |
| H-300-16022-364298 | 2/3/2016 | 88476 | 6498732 | Apple Harvesting |
| H-300-15355-929379 | 1/12/2016 | 86355 | 6444447 | Apple Harvesting |
| H-300-15161-862190 | 6/25/2015 | 80666 | 5928648 | Apple Harvesting |
| H-300-15034-554957 | 2/11/2015 | 74692 | 5593123 | Apple Harvesting |

**ANSWER:     Denied.**

73.     These evidence **[sic]** that supports Plaintiffs' RICO claims are peculiarly within

Defendants' control.

**ANSWER:     Denied.**

74.     Among other things, each of these RICO violations caused the Plaintiffs and members of the class to suffer loss of wages and spend time working for which they were not paid.

**ANSWER:**     **Denied.**

75.     As a result, the named Plaintiffs and class members suffered injuries and are entitled to treble damages, fees, and costs as set forth by law.

**ANSWER:**     **Denied.**

## COUNT II

### Breach of contract action against Defendant Manzana

76.     The named Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:**     **Defendants reassert and incorporate by reference their answers as set forth above.**

77.     By taking the actions described herein, Defendant Manzana breached its contracts with the named Plaintiffs and members of the class.

**ANSWER:**     **Denied.**

78.     As a result of Defendant Manzana's breach of contract, the named Plaintiffs and class members worked hours for which they were not paid and were paid at rates well below the promised $12.75/hr.

**ANSWER:**     **Denied.**

79.    As a result, the named Plaintiffs and class members are entitled to damages for the time worked for which they were not paid.

**ANSWER:    Denied.**


**PRAYER FOR RELIEF**

The named Plaintiffs request an order for the following relief, on behalf of themselves and the class they represent:

1.    Certifying this case as a class action in accordance with Fed. R. Civ. P. 23(b)(2) and (b)(3) with respect to the claims set forth in Counts I and II;

2.     Granting judgment in favor of the named Plaintiffs and class members and against Defendant Williams on the RICO claims set forth in Count I, and awarding unpaid wages, multiplied times three for treble damages;

3.    Granting judgment in favor of the named Plaintiffs and class members and against Defendant Manzana on the breach of contract claims set forth in Count II, and awarding damages equal to their unpaid wages;

4.    Granting judgment in favor of the named Plaintiffs and class members and against Defendant Williams on the RICO claims set forth in Count I, and awarding unpaid wages, multiplied times three for treble damages;

5.    Awarding the named Plaintiffs and class members the costs of this action;

6.    Awarding the named Plaintiffs and class members reasonable attorneys' fees and litigation costs and expenses, including expert witness fees, pursuant to RICO;

7.    Ordering all other relief that the Court deems just and proper.

**ANSWER:    Defendants deny that Plaintiffs are entitled to any of the requested relief or certifications and request that the entire action be dismissed with prejudice**

**and with an award in favor of Defendants for attorney fees, costs and such additional and other relief as the Court may determine.**

## AFFIRMATIVE DEFENSES

Defendant assert the following as affirmative defenses in this matter:

1.      The Amended Complaint fails in whole or in part to state a claim upon which relief may be granted.

2.      Plaintiffs are not suitable or appropriate representatives of the putative class.

3.      Plaintiffs' claims, to the extent they assert injury based upon work in excess of 36 hours in a week for which they were paid, are barred by accord and satisfaction, estoppel, waiver, laches, unclean hands, and/or payment.

4.      Plaintiffs' claims are barred by consent, ratification, and release.

5.      Plaintiffs has not suffered an actual injury or incurred compensable damage.

6.      Defendants acted in good faith.

7.      Plaintiffs' claims fail due to Defendants' complete performance of the alleged contract.

8.      Defendants have not engaged in any criminal activities.

9.      Plaintiffs' claims fail as there is no enterprise existing independently from Defendants' commercial activity, nor one operating or functioning distinct from the Defendants themselves.

10.      Defendants did not function as a "continuing unit" for purposes of RICO.

11.      Plaintiffs' claims fail because Defendants were engaged in a lawful commercial activity.

12.     Defendants reserve the right to amend and add additional affirmative defenses as they are discovered.

*Respectfully submitted,*

RHOADES McKEE PC
Attorneys for Defendants

Dated:  June 29, 2018

By:  /s/ John M. Lichtenberg
       John M. Lichtenberg (P31770)
Business Address:
       55 Campau Avenue NW, Suite 300
       Grand Rapids, MI  49503
Telephone:  (616) 235-3500